# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | | |
|---|---|---|
| **AMBER JENE ATWOOD,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **NO. 5:10-CV-16 (MTT)** |
| **VS.** | : | |
| | : | |
| **TOM CHAPMAN,** *et al.,* | : | |
| | : | **Proceedings Under 42 U.S.C. §1983** |
| **Defendants.** | : | **Before the U.S. Magistrate Judge** |
| | : | |

## RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendants Tom Chapman, Connie Rouse, and Linden Rozier. Doc. 5. Because Defendants have shown that Plaintiff failed to exhaust available administrative remedies prior to filing suit, it is hereby **RECOMMENDED** that the motion be **GRANTED**.

Pursuant to 42 U.S.C.A. §1997e(a), "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998).

The record in this case shows that Plaintiff made no attempt to pursue administrative remedies until more than a month after she filed her lawsuit, nearly two years after the incident in question. Plaintiff filed her Complaint on January 11, 2010. In the Complaint she alleges that Defendant Linden Rozier beat, raped, and sexually assaulted her on April 11, 2008, while she was an inmate at Pulaski State Prison. On February 17, 2010, Plaintiff filed an informal grievance

regarding an "incident" at Pulaski State Prison. Nash Aff. ¶ 30 (Doc. 5-2).[1] This grievance, filed nearly two years after the alleged incident, was rejected as untimely. Id.

Plaintiff concedes that she did not pursue any administrative remedies prior to attempting to file her grievance in 2010. In her response to Defendants' Motion to Dismiss, she contends that she had good cause for the delay because Rozier had threatened to kill her and she was afraid of him. The record, however, does not support her argument that her delay was caused by fear of Rozier. Five months after the alleged incident, in September 2008, Plaintiff was transferred to Metro State Prison and was no longer subject to Rozier's supervision. Rozier was fired by the Department of Corrections in September 2009. Sarvis Aff. ¶ 5 (Doc. 11-1). After the threat of violence was removed, Plaintiff could have filed an out-of-time grievance and attempted to show good cause for its untimeliness. See Bryant v. Rich, 530 F.3d 1368, 1379 (11th Cir. 2008). Instead, she waited five more months, until after she had filed her suit, to seek any administrative remedies. The prison had no opportunity to address her claims internally before she initiated a federal lawsuit.

Because Plaintiff did not exhaust or even attempt to exhaust administrative remedies prior to filing suit, her claim is subject to dismissal, Defendants' Motion to Dismiss should be **GRANTED** and the instant action **DISMISSED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 18th day of February, 2011.


s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

---

[1]It appears that neither party has filed a copy of the February 17 grievance in the record of the case.